UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-9842-GW-JCx | Date | December 18, 2023 |
| Title | *GGIF Glendale, LLC v. Robert Green* | Page | 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS – ORDER REMANDING CASE BACK TO STATE COURT**

On November 20, 2023, pro per defendant Robert Green ("Defendant") removed this unlawful detainer action to federal court from the Los Angeles County Superior Court. *See* Notice of Removal ("NOR"), ECF No. 1. Because subject matter jurisdiction is lacking here, the Court will forthwith remand the matter back to state court. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (providing a party with an opportunity to respond when a court dismisses a case on the merits is not necessary when dismissal is for lack of subject matter jurisdiction).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and/or Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's obligation to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The party attempting to remove an action from state to federal court bears the burden of establishing federal jurisdiction. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447.

Defendant's Notice of Removal asserts that this action may be removed to federal court because this Court would have original jurisdiction over the action pursuant to 28 U.S.C. § 1331

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-9842-GW-JCx | Date | December 18, 2023 |
| Title | *GGIF Glendale, LLC v. Robert Green* | Page | 2 of 2 |

(federal question jurisdiction). In order to remove a case to federal court based on federal question jurisdiction, the federal question must appear on the face of a plaintiff's complaint. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("A counterclaim . . . cannot serve as the basis for 'arising under' [federal] jurisdiction."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Although Defendant did not attach to the Notice of Removal a copy of the Complaint in violation of 28 U.S.C. § 1446(a) – which requires that a notice of removal contain "a copy of all process, pleadings, and orders served upon" the defendant – the Notice of Removal makes clear that the Complaint presents only an unlawful detainer claim based on the California Code of Civil Procedure and therefore does not present a federal question itself. *See* NOR ¶ 5 ("The complaint for Unlawful Detainer was filed by the plaintiff for non-payment. However, Defendant with held rent due to Plaintiff discriminating against defendant by violating Fair Housing Act and 42 U.S.C. 3604 (f)(3)(A) . . . ."). Any rights based in federal law that Defendant believes he has by way of a defense or a basis for a counterclaim do not give this Court original jurisdiction over Plaintiff's unlawful detainer case. Thus, while Defendant's failure to include the Complaint is not itself a jurisdictional defect, *see* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (Rev. 4th ed. 2023), neither does it preclude the Court from remanding this action. *See Hunter*, 582 F.3d at 1042 ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992))).

      For the foregoing reasons, the Court finds that there is no subject matter jurisdiction over the present litigation and the action is forthwith remanded to the Superior Court of the State of California for the County of Los Angeles.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |